In the Matter of THOMAS G. MORINGIELLO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 1, 1980

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Gary L. Casella* of counsel), for petitioner.

*Jerome Karp, P. C.,* for respondent.

## OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on December 17, 1958 under the name Thomas Guy Moringiello. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Referee and the respondent cross-applies to confirm in part and disaffirm in part said report.

The Referee sustained charges of misconduct involving, *inter alia,* six separate incidents in which the respondent converted approximately a quarter of a million dollars of his clients' funds to his own use.

In one of these matters, the respondent represented a client, who he knew to be mentally incompetent and incapacitated, in the sale of the client's co-operative apartment, and acted upon his client's behalf without legal authority or judicial approval. The respondent obtained the sum of $9,500 from the purchasers of the apartment pursuant to the terms of an executed contract of sale, purportedly signed by the client, which funds the respondent was to hold in escrow until the closing of title. The respondent thereafter withdrew the money from his escrow account and converted it to his own use.

The respondent deceived the brother and nephew of the incompetent by failing to inform them of the execution of the contract of sale and of his receipt of $9,500 as a down payment. The respondent then caused the brother and nephew to entrust to him the shares of stock for the co-operative apartment, representing to these relatives that the proceeds of any sale would be held in escrow by him until a conservator or committee was appointed.

With the knowledge that no conservator or committee had been appointed, the respondent caused a closing of the sale of the apartment to be held. The respondent deceived and defrauded the purchaser by delivering to him an assignment of the shares of stock together with an assignment of a proprietary lease, both purportedly executed by the client, who the

respondent knew lacked the requisite legal capacity to so execute them.

The respondent, after depositing into his bank account the sum of $79,772.96 received from the sale of the apartment, withdrew and converted the proceeds for his own use. He subsequently made false and material misrepresentations under oath to a Justice of the Supreme Court concerning these moneys. The respondent, with intent to deceive, falsely represented that the $76,209.15 balance from the proceeds received from the sale of the co-operative apartment was being held in the same interest bearing account into which it had been initially deposited.

The respondent, to date, has willfully deceived and failed to account to the legal representatives of the client for the sums of $9,500 and $79,772.96 received with respect to the sale of the apartment.

The Referee sustained five other charges of conversion by the respondent, two of which contained allegations that the respondent deposited into his personal bank account checks which he knew or should have known bore forged indorsements of his clients. Other charges sustained concerned the respondent's issuance of personal checks to clients for sums due and owing, with the knowledge that his bank account contained insufficient funds; his neglect of an action which he had been retained to commence resulting in its dismissal; and his attempts to conceal this negligence and deceive the investigating authority.

After reviewing all of the evidence and the report of the Referee, we are in full accord with the findings contained in the report. Accordingly, the petitioner's motion to confirm the report is granted, and the respondent's cross application is denied to the extent that it seeks to disaffirm the report.

The respondent is adjudged guilty of serious professional misconduct and should be, and he hereby is, disbarred from further practice of law, and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.

MOLLEN, P. J., HOPKINS, DAMIANI, TITONE and WEINSTEIN, JJ., concur.